UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TWANTA KNIGHTEN, as Personal Representative
of the Estate of DWIGHT KITCHEN, JR.,

    Plaintiff,

v.                                                         CASE NO: 8:09-cv-2187-T-26MAP

DEPUTY JOHN DOE, individually and in
his official capacity as a deputy with the
Hillsborough County Sheriff's Office, et al.,

    Defendants.
_____/

## O R D E R

Upon due consideration, it is ordered and adjudged that Defendant John Doe's Motion to Dismiss (Dkt. 3) is denied because the law does not support Defendant's argument that "[t]he use of such a 'fictitious party' pleading in these circumstances is neither appropriate nor recognized as a viable substitute for identifying an actual party by this Court." See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980) (cited with approval in Dean v. Barber, 951 F.2d 1210, 1216 (11th Cir. 1992) for the proposition that it is proper to allow the use of unnamed defendant where it was clear that discovery would uncover defendant's identity); accord Tracfone Wireless, Inc. v. Access Telecom, Inc., ___ F.Supp.2d ___, 2009 WL 2207818 *4 (S.D. Fla. 2009); McDermott v. Brevard County Sheriff's Office, 2007 WL 948430 *3 (M.D. Fla. 2007). As in McDermott, "[p]laintiff[], however, shall identify and serve the Doe

Defendant[] within the 120-day period provided by Federal Rule of Civil Procedure 4(m)." Id. at n.3.

**DONE AND ORDERED** at Tampa, Florida, on October 27, 2009.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record